IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL CURLIN,<br><br>              Plaintiff,<br><br>    vs.<br><br>SEABOARD FOODS, LLC,<br><br>              Defendant. | CV 14–117–M–DLC<br><br>ORDER |

      Defendant Seaboard Foods, LLC ("Seaboard") moves the Court for an order in limine with respect to seven categories of evidence. For the reasons explained, the Court grants three of the motions and denies all others.

## Legal Standard

      Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010) (citations and internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* "This is because although rulings on motions in limine may save time, costs, effort and

preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.*

## Discussion

The Court analyzes Defendant's motions in limine with the above legal standard in mind. For the most part, Defendant's motions in limine are general in nature and address evidentiary issues that are best left until the time of trial. The Court will address each motion in turn.

### 1. Evidence of Emotional Distress

Seaboard moves to exclude "any evidence, argument, innuendo, or reference to any alleged emotional distress, mental suffering, worry, anguish, angst, pain, or suffering of economic or financial hardship by Plaintiff Michael Curlin or his family, at trial." (Doc. 22 at 2.) Seaboard contends any such evidence straying into the area of Plaintiff's emotions surrounding his discharge is irrelevant and must be excluded. While it is true that damages for emotional distress are not available in a Wrongful Discharge from Employment Act case, Montana Code Annotated § 39-2-905(3), this does not mean that any evidence touching in any way on a plaintiff's emotions is necessarily irrelevant "on all potential grounds." *Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1.

As is evident from the summary judgment briefing, Seaboard contends that

Curlin left the premises without fanfare or objection. It appears that Seaboard may attempt to use Curlin's lack of emotional response to his termination to attempt to demonstrate that he voluntarily refused a drug test—making Curlin's emotions potentially relevant. Furthermore, to the extent that the requested order in limine would preclude Curlin from testifying to the extent of his lost wages, as such testimony could arguably be construed as "inuendo" touching on his financial hardship, Seaboard's request is overbroad. Accordingly, Seaboard's Motion in Limine Number One is denied.

2. **Evidence of Seaboard's size or wealth**

Seaboard moves to preclude "any evidence, argument, innuendo, or reference to its size or wealth." (Doc. 22 at 2.) Again, Seaboard's request is overbroad in the context of the standard for issuance of an order in limine, which requires such evidence to be "inadmissible on all potential grounds." *Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1. Reference to Seaboard's size may be relevant to Seaboard's need for a drug testing policy, the manner in which this policy is implemented, the nature and development of its employee handbook, the nature of its human resources department, etc. The Court is not in a position to say that any and all such evidence or innuendo about Seaboard's size is per se irrelevant and inadmissible on all potential grounds. On the other hand, the Court

3

cannot conceive of any issue in this case that would make evidence of Seaboard's wealth relevant. Nevertheless, objection to inappropriate evidence pertaining to Seaboard's size and wealth must be made in the context of trial. Accordingly, Seaboard's Motion in Limine Number Two is denied.

### 3. Failure to Call Witnesses

Seaboard moves the Court for an order "prohibiting Curlin from making any argument or statement that Seaboard has failed to call any particular witness who would be available equally to either Curlin or Seaboard through the subpoena process." (Doc. 23 at 5.) Seaboard argues that this evidence would be irrelevant. The Court has no frame of reference to assess this motion in limine and is perplexed as to what such an order would accomplish and why. Seaboard's Motion in Limine Number Three is denied.

### 4. Exclusion of Conduct During Discovery

Seaboard asks that both parties "be prohibited from making any argument or statement that either party or its counsel objected to discovery requests or failed to provide any information during the course of discovery." (Doc. 23 at 5.) The Court agrees that such evidence is irrelevant and should be excluded. Seaboard's Motion in Limine Number Four is granted.

## 5. Golden Rule Argument

Neither party will be allowed to violate the "golden rule" during closing argument. Seaboard's Motion in Limine Number Five is granted.

## 6. Comments on Pretrial Motions

Seaboard asks that both parties "be prohibited from making any comment or reference to any pretrial motion, including motion to exclude evidence." (Doc. 23 at 6.) The Court agrees that such comment or reference to pretrial motions would be irrelevant. Accordingly, Seaboard's Motion in Limine Number Six is granted.

## 7. Plaintiff's Closing Argument

Seaboard seeks an order prohibiting Curlin from reserving or taking more time for rebuttal in his closing argument than used in his inital portion of the closing argument. The motion is not premised on any rule of evidence or law and seeks to invade the discretion of the Court to control proceedings at trial. Accordingly, this portion of Seaboard's Motion in Limine Number Seven is denied.

Seaboard also asks that Curlin be precluded from raising new information during rebuttal that was not raised in the initial portion of the closing argument. (Doc. 23 at 7.) The Court agrees that the purpose of rebuttal is to respond to the arguments of the opposing party, and the Court will enforce this general rule. But

it will be the responsibility of Seaboard's counsel to object at the time of trial if it believes Curlin has violated this general rule. An order in limine is unnecessary. This portion of Seaboard's Motion in Limine Number Seven is also denied.

IT IS ORDERED that Seaboard's motions in limine (Doc. 22) are GRANTED IN PART AND DENIED IN PART consistent with this order.

DATED this 25th day of February, 2015.

Dana L. Christensen, Chief District Judge
United States District Court